## J. E. TORRINGTON v. FRANK RICKERSHAUSER.

1. TAX-ROLL — *Irregularity — Tax Sale, Not Vitiated.* Where tax proceedings are challenged upon the ground that the tax-rolls originally showed the tax levy to be in excess of the amount actually levied, but where it is also shown that such excess was remitted and the rolls corrected before the tax sale, such irregularity is not sufficient to vitiate the tax proceedings.

2. PENALTY — *Charge on Tax-Roll — Presumption.* Where a record is brought to this court upon the findings of the court alone, and the

findings show that the land in controversy was sold for taxes, and included in the amount for which it was sold were three penalties, and that these penalties were the correct amount due thereon, *held*, in the absence of any evidence, this court cannot say that such penalties were not charged upon the tax-rolls, and properly included in the amount for which the land was sold.

3. REDEMPTION—*Full Three Years Given.* Where the final redemption tax notice shows that the land was sold on September 7, 1880, and recites that the period of redemption will expire in three years from the date of sale, or on the 8th day of September, 1883, and where the notice also provides that the land will be conveyed to the purchaser if not redeemed on or before the 8th day of September, *held*, where the deed was not issued until the 15th day of November, that such notice gave full three years for redemption.

## *Error from Wabaunsee District Court.*

EJECTMENT, brought by the plaintiff in error in the district court of Wabaunsee county, against the defendant in error, to recover the possession of the north half of the southwest quarter of section 4, township 12, range 11, in said county. The cause was tried at the October term, 1887, by the court, jury being waived. The court found the following facts, and thereon made its conclusions of law:

"1. The plaintiff J. E. Torrington, has a good record title to the lands in controversy, to wit, the north half of the southwest quarter of section 4, township 12, range 11, from a patent by the United States of America, by mesne conveyances to himself.

"2. The defendant, Frank Rickershauser, has title under a tax deed, valid on its face, for the lands in controversy, executed November 15, 1883, by the county clerk of Wabaunsee county, in the name of said county, and duly filed in the records of said county on the 24th day of November, 1883; said deed showing that it was founded on the sale of said lands in controversy, made September 7, 1880, for the delinquent taxes for the year 1879, and the said deed also includes the taxes of the following years of 1880 and 1881; and that for the years prior to the beginning of this suit, and up to the day of trial, said defendant had been in the possession of the premises in controversy under said tax deed.

"3. The records of the proceedings of the county commissioners of Wabaunsee county, at their annual meeting of

August, 1878, for the purpose of levying the taxes of the county of Wabaunsee for the year 1878, show that a tax of nine and one-half mills was levied for county expenses; also a levy for county road tax of two mills; and that the taxable property of the county as shown by the assessors' books was $1,635,879, and said land was assessed at $160 for that year.

"4. The records of the county commissioners of Wabaunsee county, held August 4, 1879, for the purpose of levying the annual taxes of the county for the year 1879, show that a tax of seven mills was levied for county purposes, and three mills for county road tax; also that a tax of three mills was levied for the township of Newbury, in which said lands in controversy are situated.

"5. The records of the county clerk of Wabaunsee county show that at a meeting of the voters of School District No. 32, of Wabaunsee county, held on the 14th day of August, 1879, a tax of ten mills was levied upon the taxable property of said district for a teachers' fund, and that a certificate in due form was filed August 23, 1879.

"6. The records of the county treasurer of Wabaunsee county show that on the tax-roll of 1879 the land in controversy was assessed as follows:

| | | |
|---|---:|---:|
| Valuation | | $160 00 |
| General tax | $2 64 | |
| Delinquent road tax | 32 | |
| District-school tax (No. 32) | 1 60 | |
| Total tax | $4 56 | |
| December penalty | | $0 22 |
| March penalty | | 22 |

"The general tax includes the state, county and township tax. The figures in the column of total tax of $4.56 were crossed out with red ink, and the figures $4.40 in red ink placed above. Sold to Frank Rickershauser, September 7, $5.41.

"7. The land in controversy was sold for the taxes of 1879, on the 7th day of September, 1880, at the tax sale then held pursuant to law, to the defendant, for the sum of $5.41, and said sum of $5.41 was made up of the following items:

| | |
|---|---:|
| Aggregate taxes | $4 40 |
| Three penalties of 5 per cent. each | 66 |
| Advertising | 25 |
| Fee for certificate of sale | 10 |

"8. The tax deed held by the defendant was issued in pursuance of a final notice of unredeemed lands published in the *Wabaunsee County News*, a weekly newspaper printed and

published in Alma, Wabaunsee county, state of Kansas, for the requisite number of times, and duly filed in the office of the clerk of said county, of which the following is a copy:

"'LANDS TO BE DEEDED.

"'COUNTY TREASURER'S OFFICE, ALMA, WABAUNSEE COUNTY, KANSAS, February 22, 1883.—Notice is hereby given that the lands described in the following list, situate in the county of Wabaunsee and state of Kansas, were sold on the 7th day of September, 1880, for the unpaid taxes of 1879, and costs and charges thereon. The period of redemption under said sale will expire in three years from the day of said sale, or on the 8th day of September, 1883. The sum set opposite the several tracts includes the taxes, interest, and charges up to the last day of redemption. Now, therefore, unless the said lands shall be redeemed on or before the 8th day of September, 1883, the same will be conveyed to the purchaser thereof on and after the said 8th day of September, 1883.
CHARLES ROSS, *County Treasurer*.'

"9. Said tax deed had not been on record five years when this suit was begun."

"CONCLUSIONS OF LAW.

"1. The plaintiff in this action is not entitled to recover possession of the lands in controversy.

"2. The defendant is entitled to recover his costs."

On the conclusions of law, judgment was rendered for the defendant. Plaintiff brings the case here.

*Welch & Welch*, for plaintiff in error.

*Doolittle & Stringham*, for defendant in error.

Opinion by CLOGSTON, C.: It is claimed that the findings of fact show that the levy for county purposes was larger than that authorized by law, and for that reason the land was sold for a larger sum than it should have been. The levy for the year 1879, upon which this tax sale is based, was: For state taxes, five and one-half mills; county taxes, seven mills; county road tax, three mills; township tax, three mills; school-district tax, ten mills. The court found that the tax-roll showed that the general tax was $2.64, and with delinquent road tax and school-district tax, $4.56; and the court explains this by stating that the general tax included the state, county and township tax; but the court also shows that this total was corrected by erasing $4.56 and making it only $4.40. In other words, it was found that one mill of this levy was illegal, and

it was dropped from the total amount, making it 16 cents less, or $4.40. The findings of fact do not show how this occurred. Counsel insist that it was because the state tax instead of being five and one-half mills was six and one-half mills, or one mill for state school purposes, which one mill was held that year to have been illegal, and therefore not properly included in the levy. But at all events we think the plaintiff cannot complain of this apparent irregularity, because the amount for which the land was sold included one mill less than the original levy.

Now as to the question, did these amounts include for county purposes more than ten mills? It is conceded that that sum was the highest amount the county could levy for county purposes. This general tax of $2.64 included the state tax, and taking off the one mill for school purposes leaves five and one-half mills; seven mills for county purposes and three mills for township purposes make fifteen and one-half mills; and at a valuation of $160 the tax would amount to $2.48. This shows that the road tax was not included in the general tax, and therefore the 32 cents included in the total amount of tax would be equal to two mills on the assessed valuation, making the total levy for county purposes but nine mills on the dollar. This must be correct, unless the three mills for township purposes are to be included in the general levy for county purposes. The findings of the court do not show for what purpose this three-mill tax was levied, except for the township of Newbury. Counsel in their brief go upon the theory that it was for road purposes; but the findings do not show that fact. Counsel again insist that the land was sold for 22 cents more than was shown on the tax-rolls. The court finds that the tax-roll shows two penalties of 22 cents each, one for December and one for March; but the findings also show that the land was sold for $5.41; and if in that amount were included the three penalties of 22 cents each — which were the correct penalties due on this land — we are not able to say from the findings that this last penalty was not upon the tax-roll, but on the contrary, we must presume in the absence of any showing that

the court properly found that charge, and that it was properly made.  It was the duty of the clerk to have charged that up, and we must presume it was done, in the absence of anything to the contrary.

The last claim of error is, that the final notice did not give three years from the date within which to redeem the land. The notice reads that the land would be sold on the 7th day of September, and that "the period of redemption will expire in three years from the date of sale, or on the 8th day of September, 1883."  The notice also provides that the land will be conveyed to the purchaser "if not redeemed on or before the 8th day of September."  These terms, it is true, are somewhat conflicting; but as the deed was not issued until the 15th day of November, and as the notice does say that three years will be given for redemption, and that it may be redeemed on or before the 8th day of September, we must presume that that included all of the 8th day; and if the owner had all of the 8th day of September in which to redeem, then he had the full three years from the date of the sale.

While we are free to say that the findings of the court in some respects are not very clear, yet upon the whole record we are of the opinion that the judgment was correct, and therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.